UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ADAM WADE HILEMAN,**

    Petitioner,

v.                                                      Case No. 8:21-cv-211-T-35TGW

**SARASOTA COUNTY JAIL,**

    Respondent.
_____/

**O R D E R**

The United States District Court for the Southern District of Florida transferred this action to this district because Hileman was detained in Sarasota County and sues Sarasota County Jail. (Doc. 5)

Hileman petitions for the writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1) He asserts that the state court did not timely hold a hearing after his arrest for public intoxication. (Doc. 1 at 7–8) He refused to sign paperwork at the jail, and the jail prohibited him from attending the hearing. (Doc. 1 at 8) ("Ground One") He further asserts that a police officer arrested him without probable cause, and the jail did not provide him treatment for rashes from poison sumac. (Doc. 1 at 7–8) ("Ground Two") Hileman demands that the Sarasota County Jail afford him his constitutional rights. (Doc. 1 at 9)

Because Hileman does not demand release, his claims are not cognizable in a habeas petition. *Gerstein v. Pugh*, 420 U.S. 103, 107 n.6 (1975) ("Respondents did not ask for release from state custody, even as an alternative remedy. They asked only that the state authorities be ordered to give them a probable cause determination. . . . Because release was neither asked

1

nor ordered, the lawsuit did not come within the class of cases for which habeas corpus is the exclusive remedy.").

Also, judicially noticed records in Hileman's state case show that the state court appointed Hileman counsel, held a hearing, and accepted his *no lo contendere* plea in exchange for a time-served sentence. *State v. Hileman*, No. 2021-MM-42-NC (Sarasota Cty. Ct. Feb. 4, 2021). Consequently, his demand for a hearing in Ground Two is also moot. (Doc. 1 at 8–9) *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. It would seem clear that under this general rule Hunt's claim to pretrial bail was moot once he was convicted.") (citations and quotations omitted).

In Ground One, Hileman asserts that a police officer unlawfully arrested him, and the jail did not provide him proper medical treatment. (Doc. 1 at 7–8) Hileman contends that he placed in the hands of jail officials for mailing a separate federal civil rights complaint. (Doc. 1 at 7) A separate federal civil rights action does not appear in the district court's records. Hileman's release does not render these federal civil rights claims moot. Even if the Court construes the Section 2241 petition in part as a federal civil rights complaint, the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

For the unlawful arrest claim, Hileman does not allege that Sarasota County Jail arrested him. The appropriate defendant would be the arresting officer. For the deliberate indifference claim, a claim against a county jail is a claim against the sheriff under Florida law. Fla. Stat. § 951.061(1) ("Upon adoption of an ordinance by a majority of the county commission, the sheriff may be designated the chief correctional officer of the county correctional system . . . ."); Sarasota County Code of Ordinances, §78-103(a) (designating the

sheriff as the chief correctional officer of the county). Because Hileman does not allege that the sheriff implemented an official policy, custom, or practice that caused the alleged constitutional violation, the appropriate defendant is the jail guard or staff member who denied him medical treatment. *Monell v. Dep't of Social Svcs. of City of New York*, 436 U.S. 658, 694–95 (1978). Further, because he does not allege that a jail guard or staff member was deliberately indifferent to a serious medical need, he fails to state a claim. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

Accordingly, the Court **DISMISSES** Ground Two (Doc. 1 at 8) in the Section 2241 petition as moot, construes the Section 2241 petition in part as a federal civil rights complaint, and **DISMISSES** Ground One (Doc. 1 at 7–8) in the construed complaint without prejudice. The Clerk is **DIRECTED** to send Hileman a standard form for a federal civil rights complaint to the last known address in the file. If he chooses to proceed, Hileman must raise his federal civil rights claims on the form against the appropriate defendant(s) in a new action. His motion for leave to proceed *in forma pauperis* (Doc. 3) and motion for appointment of counsel (Doc. 4) are **DENIED** as moot. The Clerk is further **DIRECTED** to **CLOSE** this case.

Because Hileman neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling, a certificate of appealability and leave to appeal *in forma papueris* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

**DONE AND ORDERED** in Tampa, Florida on February 23, 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

3